Heather S. Orr, Esq., SBN 239449
HSO Law – Beverly Hills Office
433 N. Camden Dr., Suite 600
Beverly Hills, CA 90210
(424) 234-9409

Attorney for Defendant
The Lux Group, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT K. TYLOR,<br><br>Plaintiff,<br>v.<br><br>JOEL LIEBKE aka JOE LIEBKE doing business as LUXPADS; THE LUX GROUP, INC.; and DOES 1-10,<br><br>Defendants. | Case No. 2:16-cv-01660 PSG-PJW<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF HEATHER S. ORR, ESQ.**<br><br>Date: August 22, 2016<br>Time: 1:30pm<br>Ctrm: 880 (Los Angeles – Roybal)<br>Hon. Philip S. Gutierrez<br><br>Filed: March 10, 2016<br>Trial Date: None set yet |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, August 22, 2016 at 1:30 p.m., or as soon thereafter as the matter may be heard in Department 880 - Roybal of the above-entitled court located at 255 East Temple Street, Los Angeles, CA 90012-3332, and pursuant to the provisions of *California Code of Civil Procedure* § 473.1,

Defendants Joel Liebke aka Joe Liebke (erroneously sued and served as dba LuxPads) and The Lux Group, Inc. move the Court to set aside the default entered against them for the following reasons:

1. Plaintiff misstated the effective service date of the summons and complaint;

2. Misstatement of the effective service date resulted in a miscalculation, by Plaintiff, of the responsive pleading deadline;

3. The Court, not knowing about the misstatement and miscalculation, erroneously entered default upon request of the Plaintiff; and

4. Plaintiff, through his counsel, having been advised of the facts, has failed and refused to take corrective action to have the default withdrawn and to allow Defendants' responsive pleading to be filed with the Court.

Wherefore, Defendants request the Court to set aside the default entered on June 6, 2016 (Doc. #18) and allow Defendants to file their Answers and Counterclaims to the First Amended Complaint.

Furthermore, Defendants request that Plaintiff's counsel, Mr. Adam Gafni, be sanctioned for improperly filing a request for default before the statutory deadline had arrived for answer to the complaint, and refusing to take corrective action even when the error was pointed out. Defendants should not have to bear the burden of legal fees and costs associated with Plaintiff's counsel failing and refusing to read a simple statute. Defendants seek sanctions in the amount of $2,730.00.

Defendants' Motion to Set Aside Default will be based upon this Notice, the accompanying Memorandum of Points and Authorities, Request for Judicial Notice, Declaration of Heather S. Orr, and the entire file in this case.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 2, 2016, June 13, 2016 and June 14, 2016. Despite all attempts to inform counsel of his mistake, he persisted in his refusal to remedy is wrongful entry of default.

DATED: Thursday, June 23, 2016.

HSO LAW – Beverly Hills Office

_/s/ Heather S. Orr_______________________
Heather S. Orr, Esq.
Attorney for Defendants
Joel Liebke aka Joe Liebke; and
The Lux Group, Inc.

//

//

## MEMORANDUM OF POINTS & AUTHORITIES

## INTRODUCTION

Plaintiff served its First Amended Complaint under California's substitute service rules (personal delivery at a usual place of business + U.S. Mail). The mailing occurred on May 12, 2016 and, according to *California Code of Civil Procedure* § 415.20, service in this manner is only "deemed complete on the 10th day after the mailing." Notwithstanding the clear language of this statute, Plaintiff treated the day of mailing as the service date and thus requested default to be entered against Defendants before their answers were due.

Plaintiff refuses to correct this error, so Defendants are requesting the Court to set aside the default.

## FACTUAL SUMMARY

Defendants' counsel, Ms. Orr, first had a conversation with Plaintiff's counsel about this case in 2015, and on a regular basis thereafter, so he knew that the Defendants were contesting the allegations that now appear in the First Amended Complaint. *Orr Decl.* ¶ 4.

Plaintiff claims in the Proofs of Service filed with the Court that the summons and First Amended Complaint in this matter was served via "substituted service" on May 12, 2016. See Doc. #15 and #16. The "Proof of Mailing" attached to each proof of service indicates a mailing date of May 12, 2016 as well. *Id.*

Defendants' counsel calendared the answer deadline based upon review of Fed.R.Civ.P. Rule 4(e) and its incorporation by reference of *Code of Civil Procedure* § 415.20, a process she has done numerous times before with prior cases. She also double-checked her calculation of answer deadline with another experienced attorney in her office who reached the same date she had – Monday, June 13, 2016. *Declaration of Heather S. Orr ("Orr Decl.")* ¶ 5.

The California statute for substituted service (*California Code of Civil Procedure* § 415.20 discussed below) provides for 10 days after the mailing date before service is deemed complete. Ten days from mailing is May 22, 2016 and thus "service" did not occur until May 22, 2016. The 21-day period for filing an answer to a complaint thus falls on June 12, 2016, a weekend day. Going to the next court business day results in an actual answer deadline of June 13, 2016. A copy of May and June 2016 calendars showing these respective calculations appears in Appendix A.

Defendants' counsel arranged for the planned Answers and Counterclaims to be written in time for filing on or before that deadline. *Orr Decl.* ¶ 5.

However, on June 3, 2016, Plaintiff filed a request for default with the Court, claiming that "Defendant was served pursuant to Rule 4 of the Federal Rules of Civil Procedure on May 12, 2016." Doc. #17. When Defendants' counsel became aware that Plaintiff's counsel had requested entry of default based on a different answer deadline calculation, she immediately contacted Plaintiff's counsel to discuss the matter. She was able to communicate over the course of two days – June 13th and June 14th -- via email, and twice tried to reach him by phone, but without success. Plaintiff's counsel refused to take corrective action, thus prompting the filing of this Motion to Set Aside. *Orr Decl.* ¶¶ 6 and 7.

## ARGUMENT

### I. THE COURT IS AUTHORIZED TO SET ASIDE AN ENTRY OF DEFAULT FOR GOOD CAUSE.

"The Court may set aside an entry of default for good cause." Fed.R.Civ.P. Rule 55(c). Good cause exists here because the grounds for entry of default did not exist, a fact that was known or should have been known by Plaintiff who requested the default.

It is only appropriate to enter default when a party "has failed to plead or otherwise defend" (Fed.R.Civ.P. Rule 55), a situation that has not occurred when the deadline to plead or otherwise defend has not yet passed.

Furthermore, "[d]efault judgments are ordinarily disfavored. Case should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).

Defense counsel reasonably relied on the substituted service statute utilized by Plaintiff, calendared the answer deadline as June 13, 2016, and drafted answers in preparation for that filing date. Plaintiff has offered defense counsel reason why that course of action was wrong and instead stands on his miscalculation.

There was no default. The entry of default should be set aside and Defendants allowed to file their Answers and Counterclaims.

## II. SUBSTITUTED SERVICE EXTENDS THE DATE ON WHICH SERVICE IS EFFECTIVE BY 10 DAYS.

> (e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. Rule 4(e) (emphasis added).

Permissible service under California law includes personal service (*Code of Civil Procedure* § 415.10) or substituted service (*Code of Civil Procedure* § 415.20) whereby a summons and complaint may be left at a person's usual home or office, followed by a mailed copy. *Code of Civil Procedure* § 415.20 reads as follows –

> (b) If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. **Service of a summons in this manner is deemed complete on the 10th day after the mailing.**

(emphasis added).

Following service "[a] defendant must serve an answer: (i) within 21 days after being served with the summons and complaint." Fed.R.Civ.P. Rule 12(a)(1)(A).

In this case, Plaintiff indicates that he utilized the "substituted service" method and mailed the summons and complaint on May 12, 2016. However, instead of following the statute's requirements that service in this matter is NOT deemed complete until the 10th day after mailing, Plaintiff reported and calendared an answer date that ignored these ten days. See *Orr Decl.* ¶ 5.

Plaintiff should not be entitled to entry of default or any subsequent default judgment because he relied on only Fed.R.Civ.P. Rule 12 to calculate the answer date, whereas Defendant followed state law, the California statute incorporated by

reference into Fed.R.Civ.P. Rule 4(e), the rule under which Plaintiff served the summons and complaint.

## III. ENTRY OF A DEFAULT JUDGMENT SHOULD NOT OCCUR IN THE EVENT OF EXCUSEABLE NEGLECT.

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. 6 *Moore's Federal Practice* ¶ 55-05[2], at 55-24 to 55-26.

*Eitel*, at 1471-1472.

Although default judgment has not been requested or entered yet, a review of the factors to consider in entry buttress the propriety of setting aside the current default as a fair exercise of discretion would not allow entry of default judgment anyway.

There is no prejudice to the Plaintiff. He knew answers were forthcoming and the difference in dates was only 10 days. The merits of Plaintiff's substantive claims and sufficiency of the complaint are questionable, at best, as outlined in more detail in the Answers and Counterclaims awaiting filing. Plaintiff is what is colloquially known as a “Copyright Troll” and has filed many similar lawsuits against website owners claiming copyright violation for use of certain generic scenery photographs which appear to be a small portion of large collections of photographs for which copyright protection was sought. These photographs are widely offered for free download, then, when used, trigger a lawsuit similar to this.

The sum of money at stake is extraordinarily high, especially in light of the context, demanding $150,000 and punitive damages for, at most, innocent use of free

photographs widely available on the internet. Not only is there a possibility of a dispute, there is a huge dispute as outlined in the Answer and Counterclaims.

At worst, Defendants' calculation of the proper answer date is excusable neglect, and there is every reason to default to the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

## IV. SANCTIONS AGAINST PLAINTIFF'S COUNSEL ARE APPROPRIATE UNDER 28 U.S.C. § 1927.

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Plaintiff's counsel, Mr. Gafni, has been aware since 2015 that the Defendants in this case are contesting his client's claims of copyright infringement. He and Defendants' counsel, Ms. Orr, have been in ongoing communication regarding that topic since then.

Plaintiff's counsel chose to serve the Defendants via the substituted service method under California law that explicitly states that "service of a summons in this manner is deemed complete on the 10th day after the mailing." Plaintiff's counsel has not offered any explanation as to how that explicit law is not applicable here, yet has refused to take corrective action (as the meet & confer pre-filing requirements are supposed to encourage). If there was a misunderstanding or mistake, counsel should have been able to simply resolve the matter without resorting to use of precious judicial resources.

Requesting an entry of default against parties you know are intending to contest the complaint allegations, and then refusing to take any corrective action when Defendants' counsel confers with you about obvious miscalculation of dates,

coupled with the fact that Plaintiff's counsel had to know taking these steps would do no more than multiply proceedings and incur costs, is grounds for 28 U.S.C. § 1927 sanctions.

As outlined above, Plaintiff's counsel had to know that the legal principals governing entry of default judgment (the next step after entry of default) would argue against any such entry and even allow for setting aside of a default judgment if already entered. Thus, the early filing of a request for default could have no other purpose than to increase litigation costs.

Defendants should not have to bear the costs of a motion over a matter that could have simply and easily been resolved with a phone call. Defendants have incurred attorney fees in preparation of this motion, anticipate incurring further costs in reviewing an opposition brief, responding by reply brief, and appearing in court for hearing on this motion, estimated in total to be approximately $2,730.00. Plaintiff's counsel, Mr. Gafni, should be required to reimburse Defendants' counsel for these costs.

## CONCLUSION

Defendants relied on the clear wording of Fed.R.Civ.P. Rule 4(c) and the California state law it incorporated by reference, *Code of Civil Procedure* § 415.20, to calculate an answer due date of June 13, 2016 and was ready, willing, and able to file their Answers and Counterclaims on or before that date. Plaintiff has not indicated any error in Defendants' deadline calculations.

As such, it is appropriate to set aside the default entered by the Court, allow Defendants to forthwith file their responsive pleadings, and allow this case to proceed on its merits.

Furthermore, it is appropriate to sanction Plaintiff's counsel, Mr. Adam Gafni, under 28 U.S.C. § 1927 or the inherent powers of the court, and require him to

reimburse all attorney fees incurred in pursuing this Motion to Set Aside Default, per a final invoicing submitted to the Court and estimated at approximately $2,730.00.

DATED: Thursday, June 23, 2016. HSO LAW – Beverly Hills Office

/s/ Heather S. Orr
Heather S. Orr, Esq.
Attorney for Defendants
Joel Liebke aka Joe Liebke, and
The Lux Group, Inc.

# EXHIBIT A

| May 2016 | | | | | | |
|---|---|---|---|---|---|---|
| SUN | MON | TUE | WED | THU | FRI | SAT |
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | | | | |

**Mailing Date**

**Effective Service Date (10 days after mailing)**

| June 2016 | | | | | | |
|---|---|---|---|---|---|---|
| SUN | MON | TUE | WED | THU | FRI | SAT |
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | | |

**21 days after Effective Service Date (falls on weekend)**

**ACTUAL ANSWER DATE**

**DECLARATION OF HEATHER S. ORR, ESQ.**

I, Heather S. Orr, declare as follows:

1. I am not a party to the present action. I am over the age of eighteen. I have personal knowledge of the facts contained within the following paragraphs, and declare them to be true and correct and could and would competently testify thereto if called as a witness in a court of law.

2. I am the attorney of record for both Defendants in the above-captioned case.

3. This declaration is being submitted in support of Defendants' Motion to Set Aside Default.

4. I first had a conversation with Plaintiff's counsel about this case in 2015, and on a regular basis thereafter, so he knew that the Defendants were contesting the allegations in the First Amended Complaint.

5. I calendared the answer deadline based upon review of Fed.R.Civ.P. Rule 4(e) and its incorporation by reference of *Code of Civil Procedure* § 415.20, a process I have done numerous times before with prior cases. I also double-checked my calculation of answer deadline with another experienced attorney in my office who reached the same date I had – Monday, June 13, 2016. I arranged for the planned Answers and Counterclaims to be written in time for filing on or before that deadline.

6. On June 13, 2016 I became aware that Plaintiff's counsel had requested entry of default based on a different answer deadline calculation.

7. I immediately contacted Plaintiff's counsel to discuss the matter. I was able to communicate over the course of two days – June 13th and June 14th -- via email, and twice tried to reach him by phone, but without success. Plaintiff's counsel refused to take corrective action, thus prompting me to file this Motion to Set Aside.

8. Estimated attorney fees required to file and argue this motion are as

follows: 5.1 hrs to prepare the motion and accompanying paperwork; 2.0 hrs to review the opposition brief and prepare a reply; at least 2.0 hrs to appear in court for hearing on the motion. At a reasonable hourly rate of $300/hr for 9.1 hours, this equates to an estimated $2,730.00 in attorney fees. An itemized and sworn breakdown of these fees will subsequently be provided to the Court.

SWORN TO UNDER PENALTY OF PERJURY of the laws of the United States and the State of California on this 23rd day of June 2016 in San Diego, California.

By: Heather S. Orr

Heather S. Orr, Esq.
Attorney for Defendants
E-mail: heather@hsolaw.com

# PROOF OF SERVICE

I, Melody A. Kramer, declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is HSO Law, 8885 Rio San Diego, Ste. 237, San Diego, CA 92108, and 433 N. Camden Dr., Ste. 600, Beverly Hills, CA 90210.

On Thursday, June 23, 2016, I served the following documents:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF HEATHER S. ORR, ESQ.**

on the following parties or their counsel:

| | |
|---|---|
| Adam Gafni<br>Law Offices of Adam I. Gafni<br>2811 Wilshire Blvd., Ste. 780<br>Santa Monica, CA 90403 | Attorney for Plaintiff |

by the following method of service:

_____**(Personal Service)** I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

_____**(Federal Express)** I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

_____**(Facsimile)** I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees. The facsimile transmissions were reported as complete and without error.

____ **(Email)** I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

__x__**(Email--Pleadings Filed with the Court)** Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

____ **(U.S. Mail)** I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

I declare that the foregoing is true and correct, and that this declaration was executed on Thursday, June 23, 2016, in San Diego, California.

/s/ Melody A. Kramer
Melody A. Kramer