ADAM I. GAFNI, Cal. Bar No. 230045
SASCHA MEISEL Cal. Bar No. 293841
LAW OFFICES OF ADAM I. GAFNI
2811 Wilshire Blvd., Suite 780
Santa Monica, CA 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: Adam@Gafnilaw.com
Email: Sascha@Gafnilaw.com

Attorneys for Plaintiff, VINCENT K. TYLOR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT K. TYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>JOEL LIEBKE aka JOE LIEBKE doing business as LUXPADS; THE LUX GROUP, INC., and DOES 1-10<br><br>Defendant. | Case No.: 2:16-cv-1660<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT**<br><br>Hearing Date: August 22, 2016<br>Time: 1:30 pm<br>Courtroom: 880<br><br>First Amended Complaint Filed: April 15, 2016<br>Trial Date: none set |

**TO THE COURT, COUNSEL, ALL PARTIES AND THEIR COUNSELOF RECORD:** Plaintiff Vincent K. Tylor ("Tylor" or "Plaintiff") hereby respectfully submits the following Memorandum of Points and Authorities in opposition to Defendants Joel Liebke aka Joe Liebke dba Luxpads ("Liebke" or

"Defendant") and The Lux Group, Inc.'s ("Lux Group Inc.") (collectively, "Lux Group" or "Defendants") Motion to Set Aside Default ("Motion") (Dkt. 19.):

## I. <u>INTRODUCTION</u>

This is a straight-forward case of copyright infringement that Defendants have long known about and failed to respond after playing games to avoid service and the impact of this lawsuit for months prior to suit. Defendants cry foul in the taking of default only to cover up their attorney's negligent counsel and culpable conduct in failing to follow the basic applicable rules of Civil Procedure and direction on the Summons that responsive pleadings are due 21 days after service. In fact, as shown below, and perhaps worthy of sanctions in and of itself, Defendants omit critical facts that point directly to their own direct knowledge of this suit before service, that they were advised default would be taken prior to default, and patent refusal to follow the basic Rules even after being advised of them. Now, even after being informed of the correct law, they still claim the Clerk of the Court was wrong to enter default at 21 days after being served and ignore the requirements of showing "good cause" altogether.

Plaintiff requests that the Court deny the Motion because of the following indisputable facts:

(1) Defendants do not contest proper service in this case;

(2) Defendants knowingly failed to answer within the applicable time after being on notice of the suit long before formal service and even after Plaintiff's counsel warned opposing counsel in writing ***that default would entered on the following day***;

(3) Default was properly entered by the Clerk of the Court 21 days after service as Rule 12 governs, even if service was effectuated under state law;

(4) Defendants' Motion completely fails to establish any factual or legal basis to dispute liability in this case;

(5) Plaintiff would be prejudiced here as he would experience delay from being prevented from obtaining the injunctive relief sought by the First Amended Complaint ("FAC"), requiring the defendants to ***finally*** cease and desist from their use of the subject images.

In short, there exists no "good cause" in this matter that would justify setting aside default. Plaintiff also requests the Court deny Defendants' request for sanctions as it is Defendants' who have failed to follow the clearly stated Federal Rules and ask for sanctions without merit. It is deeply troubling from an ethical perspective that Defense counsel asks for sanctions while at the same time failing to address the basic controlling Rules, any case law governing responsive pleading deadlines (Rule 12), and the standards under which "good cause" may be shown. Without at least *addressing* each of the critical factors under good cause, how could Defendants possibly make their showing?

## II. STATEMENT OF FACTS

### A. Pre-Suit Efforts to Resolve the Matter Were Met with Unfounded Threats and Accusations Regarding Plaintiff's Business Practices

Plaintiff is a professional photographer who earns a living by selling his photographs, including on his website www.hawaiianphotos.net. (Complaint, Dkt. 12, ¶ 1.) All of Plaintiff's images for sale on his website are registered with the U.S. Copyright Office. *Id*. He works vigorously to protect his copyrighted images by, *inter alia*, sending DMCA notices and cease and desist letters. *Id.* One such cease and desist letter was sent to Defendants on May 28, 2015. (Gafni Dec. ¶ 3; Dkt. 12, ¶ 25.) The letter identified three (3) of Plaintiff's copyrighted photographs displayed on eight (8) separate links on Defendants' website www.luxpads.com.[1] *Id*. Plaintiff did not receive a response to this letter. *Id*. On June 11, 2015, Plaintiff

[1] Copies of each of the copyrighted photographs and all 8 identified links were clearly listed in the letter with accompanying screenshot showing how Plaintiff's copyrighted work was displayed on each link.

sent Defendants a second letter explaining that six (6) of the infringing images identified remained displayed on Defendants' website and that suit would likely be filed barring complete removal of the images and a response.[2] (Gafni Dec. ¶ 4; Dkt. 12, ¶ 26.) Unbelievably, even as of the date of this filing, four (4) of the identified infringing links remain active. (Gafni Dec. Exh. "2"; Dkt. 12, ¶ 27.)

Defendants knew about Plaintiff's claims over 6 months prior to suit. (Gafni Dec. ¶¶ 3-5; Exh. "1".) Despite Plaintiff's belief that the parties could resolve the dispute without need for suit, it became clear through counsels' email exchanges that Plaintiff would be forced to file suit to obtain any sort of redress.

**B. Notice of Complaint, Service of Amended Complaint and Entry of Default After Written Notice to Opposing Counsel.**

On March 10, 2016, Plaintiff filed the Complaint in this matter alleging infringements of three (3) of Plaintiff's copyrighted photographs against Defendant Liebke. (Dkt. 1.) On March 18, 2016, Plaintiff mailed and emailed[3] Defendants' counsel, Heather Orr, the Summons and Complaint since she stated she would accept service on behalf of her client. (Gafni Dec., Exh. "3.") Defendants' counsel rejected the service, however, stating she was only authorized to accept service on behalf of the corporate entity, which Plaintiff presumed to be Lux Group Inc. (Gafni Dec., Exh. "4.") Plaintiff then filed the FAC on April 15, 2016, adding Defendant Lux Group Inc. (Dkt. 12.) According to Plaintiff's preliminary research into publicly available information, Liebke is and was the sole shareholder and corporate officer of Lux Group Inc. (Gafni Dec., Exhs. "6" and "7.") Both Defendants are represented by the same counsel. (Dkt. 19, Orr Dec., p. 13, ¶ 2.) Defendants were served with the summons and FAC on May 12, 2016, as shown by the Proofs of Service on file with the Court. (Dkts. 15 and 16.) Per the Rule 12, a response to a Complaint is due "within 21 days after being served with the

[2] Again, all 6 identified links were clearly listed in the letter with an accompanying screenshot.
[3] The email copy was sent on March 22, 2016.

summons and complaint."[4] Furthermore, on the face of the summons, received by Defendants it states "[w]ithin **21 days** after service of this summon on you (not counting the day you received it)…you must serve on the plaintiff an answer to the attached complain or a motion **under Rule 12** of the **Federal Rules of Civil Procedure**" (emphasis added).

On June 2, 2016, having seen that an answer was not on file, Plaintiff's counsel alerted Defendants (via email) that he would be seeking entry of default should no response be timely filed. (Gafni Dec. Exh. "5.") Nevertheless, Defendants' counsel insisted the response was due ten days later. *Id*.

On June 3, 2016, no response having been filed, Plaintiff properly requested the clerk enter default against all Defendants. (Dkt. 17.) On June 6, 2016, Default was entered against Defendants. (Dtk. 18). Despite the clear and unambiguous Federal Rules, and Plaintiff's warning regarding entry of default, Defendants never requested an extension of time in which to file a response. (Gafni Dec., ¶ 10.) Two weeks after default was entered Defendants filed this Motion, which is entirely lacking in any "good cause" for setting aside default and should therefore be denied in every respect.

## III. DEFAULT WAS PROPERLY ENTERED BY THE CLERK OF THE COURT 21 DAYS AFTER SERVICE OF THE AMENDED COMPLAINT.

At the first level, the Court should deny Defendants Motion because Defendants were properly served the FAC pursuant to Federal Rule of Civil Procedure 4(e)(1) which states that service can be effectuated on an individual by "following state law for *serving a summons* in an action brought in courts of

[4] The Court's own docket upon Plaintiff's filing of the Proofs of Service states "served on 5/12/2016, answer due 6/2/2016. Service of the Summons and Complaint were executed upon [defendants] in compliance with Federal Rules of Civil Procedure by substituted service at business address and by also mailing a copy…"

general jurisdiction in the state where the district court is located or where service is made" (emphasis added). Fed. R. Civ. P. 4(e). Plaintiff utilized California Code of Civil Procedure § 415.20 (allowing for substituted service) as to the manner of service. Defendants failed to timely respond and default was entered properly by the Clerk of Court.

Defendants do not dispute valid service in this Motion. (See, Motion pp. 4 and 7.) Defendants were served on May 12, 2016, (Dkt Nos. 15-18.) via substitute service.

Defendants' responsive pleading was due twenty-one (21) days after service, on June 2, 2016. Rule 12(a)(1) is crystal clear that responsive pleadings are due 21 days after service. Rule 12 is the only federal rule mentioned on the Summons. (Dtk. 14.) Rule 12(a)(1), states that "Unless another time is specified by **this rule** or a **federal statute,** the time for serving a responsive pleading is as follows: (A) a defendant must serve an answer: (i) **within 21 days after being served with the summons and complaint**." (emphasis added) Fed. R. Civ. P. 12.

Defendants cite to no applicable federal authority for the proposition that the time for service should be extended (or that Rule 12, "incorporates by reference" the CCP.) (Motion, p. 4, lns. 23-28.) Defendants offer no precedent or legal theory to support her assumption. The only "evidence" mustered is to "double-[check] her calculation of answer deadline with another experienced attorney in her office." *Id*. This is not sufficient as a basic review of the Summons, applicable Rules, and case law lend no support to her assumption.

All available case law is clear that Rule 12(a) governs the time for responsive pleading – 21 days. Rule 12(a). Any and all authority on this issue that can be found squarely points to the requirement that the Federal Rules govern procedure in Federal Court even if the manner of service is pursuant to state law.

The time to respond to a Complaint in federal court is governed by Rule 12, which pre-empts any state law extending the time period. *Beller & Keller v. Tyler*,

120 F.3d 21, 22-23 (2nd Cir. 1997). In *Beller*, defendants were sued in federal court and moved to set aside a default judgment arguing it was improperly entered prior to the time to answer expired because the defendant had been served pursuant to Rule 4(e) under a state law method for service of process that provided for an additional 10 days to answer than did Rule 12. The *Beller* Court found the argument unpersuasive, ruling that an answer was due pursuant to Rule 12, *regardless of how it was served*. (emphasis added) *Id.* at 25-26. See also, *Farb v. Perez-Riera*, 293 F.R.D. 77, 78-79 (D. Puerto Rico 2013) ("Even if a defendant is served pursuant to a state law method of service, the federal forms of summons must be used."); *Md. Elec. Indus. Health Fund v. Valley Sun Indus. Group, Inc.*, 310 F.R.D. 273, 273-274 (D. Md. 2015) ("Plaintiffs appear to argue that—where service of summons is effected according to Rule 4(e)(1)—state law, rather than Federal Rule 12(a), governs a defendant's time to file a responsive pleading. Plaintiffs do not cite to any case law or other legal authority to support this proposition, and the Court now holds that Plaintiffs' contention is incorrect."); *Broadway v. Adidas Am., Inc.*, 3:07 cv 000149 SWW, 2008 U.S. Dist. LEXIS 54830 at *13-14 (E.D. Ark. 2008).

The *Beller* Court relied on the 1993 amendments to Rule 12(a) in making its ruling. The Court stated that prior to the 1993 amendment, Rule 12(a) read: "(1) Unless a different time period is prescribed in a statute of the United States, a defendant shall serve an answer (A) within 20 days after the service of the summons and complaint upon that defendant…*except when service is made under Rule 4(e)* [permitting service permitting service pursuant to state law] and a different time is prescribed…*in the statute or rule of court of the state*." (emphasis in original) *Beller*, 120 F.3d at 25. After the 1993 amendment, all reference to the "borrowing time periods from state law" was removed. *Id*. The *Beller* Court continued: "to whatever extent [defendant's] argument points to an arguable ambiguity in Rule 12(a), the advisory committee's 'note' to Rule 12(a) dispels any

uncertainty. The 'note' is published at 127 F.R.D. 237, 306-7 (1989): Subdivision (a) is amended to **strike the reference to state law with respect to the time for answer.** This amendment accords with the amendment to Rule 4 in providing nationwide uniformity with respect to the form and content of a summons: 20 days after service of the summons is the time normally required for answer **wherever the district court may sit**…" (emphasis added). *Id*. This issue has been explicitly settled for over 20 years; the *federal rules* apply in a federal copyright case. Defendants' insistence on following the *California rules* is absurd. As such, Defendants had 21 days from service to respond to the FAC. When they did not Plaintiff properly requested default and the clerk properly entered it.

## IV. DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN OF ESTABLISHING GOOD CAUSE FOR SETTING ASIDE DEFAULT.

There is no "good cause" here to justify setting aside the default. Under Rule 55(c), a court may set aside an entry of default for "good cause." Fed. Rule Civ. P. 55(c). The standards for setting aside a default under Rule 55(c) are "essentially the same as the standard for vacating a default judgment under Rule 60(b)." *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 367 (7th Cir. 1983)*; Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). When considering whether to grant a motion to set aside default courts are encouraged to utilize the list of grounds for relief provided for in Rule 60(b). *TCI Group Life Ins., Plan v. Knowebber*, 244 F. 3d 691, 696 (9th Cir. 2001). A court will not disturb a default if three factors are present: (1) it was the defendant's culpable conduct that led to the default; (2) the defendant has no meritorious defense; and (3) the plaintiff would be prejudiced if the default was set aside. *Alan Neuman Prods., Inc. v. Albright,* 862 F. 2d 1388, 1392 (9th Cir. 1988)*; TCI Group Life Ins. Plan,* 244 F. 3d at 696. As noted in *In re Hammer,* "this tripartite test is

disjunctive." *In re Hammer,* 940 F. 2d 524, 526 (9th Cir. 1991) quoting *Cassidy v. Tenorio,* 856 F. 2d 1412, 1415 (9th Cir. 1988).

A "denial of a motion to vacate a default judgment will be affirmed if the defendant's own culpable conduct prompted the default." *In re Hammer*, 940 F. 2d at 526 (citing *Meadows v. Dominican Republic,* 817 F. 2d 517, 521 (9th Cir. 1987)). The defaulting party bears the burden of showing that the three factors favor setting aside the default. *Franchise Holding II, LLC*, 375 F. 3d at 926*; TCI Group*, 244 F. 3d at 697. Where a defaulting defendant fails to satisfy ***any one*** of the three factors a court may deny their motion to set aside the default. *Franchise Holding II, LLC,* 375 F. 3d at 926. A court is free to deny a defendants motion to set aside default if it finds that any of the three factors are met. *Brandt v. Am. Bankers Ins. Co.*, 653 F. 3d 1108, 1111-12 (9th Cir. 2011) (citations omitted).

Defendants offer **one and only reason** for failing to promptly respond: their counsel's reading of the California Code of Civil Procedure. Defendants' counsel's professional negligence in misreading a federal statute can only be categorized as culpable conduct. Default here is proper. As Defendants state, they were well aware of this suit and its claims, they were planning on answering, but only if they did so on their terms under their own rules, whatever they decided them to be – this is litigation gamesmanship. That it backfired now does not amount to good cause. *See generally, United States v. 32,000 in United States Currency,* No. C 05-5167 MHP, 2006 U.S. Dist. LEXIS 46133 (N.D. Cal. July 7, 2006) (finding that defendant's absence of a good faith explanation for the delay and intentional failure to respond to the complaint was suggestive of an intent to manipulate the legal process). Defendants' counsel disregarded the Rule 12 advisory notes and all applicable law.

Default should not be set aside here because Defendants have not met any one of the three grounds required to set aside default, let alone all three. Further, there is a complete lack of a basis on which to grant Defendants relief from default

as they cannot even meet their prima facie case of establishing a basis for setting aside default. It is therefore impossible to set aside the default as Defendants do not present a single meritorious defense in the moving papers, the default is unquestionably culpable due to the gross negligence of their counsel, discussed *infra*, and Plaintiff's obvious prejudice in having this default set aside.

### A. Defendants Have Set Forth No Facts Establishing a Meritorious Defense.

Plaintiff's claim is one of straightforward copyright infringement. Plaintiff owns the copyrights to the photographs at issue and they were, and still are, displayed on Defendants websites for a lengthy duration without a license or consent from Plaintiff. (Gafni Dec., Exh. "2.") Where a defendant seeks to vacate a default they must present specific ***facts*** to support any meritorious defense, a general denial will not support it. *TCI*, 244 F. 3d at700; *Madsen v. Bumb*, 419 F. 2d 4, 6 (9th Cir. 1969); *Franchise Holding II, LLC*, 375 F.3d at 926.

Defendants do not provide a *fact or theory* for the Court to consider which would support any defense to these claims. Indeed, Defendants fail to meaningfully address the requirement of presenting such a defense altogether. Without a meritorious defense, setting aside default will simply result in wasted resources as we proceed to an inevitable judgment against Defendants. Although Defendants mention a cross-complaint, there is no fact supporting any notion that Defendants' would have a meritorious claim. Here, there is even less of a basis for meritorious defense than in other instances where this Court has found good cause wanting. *See, Federal National Mortgage Association v. Veronica Zesati, et al.* , CV 12-6868 PSG (AGRx), Dkt 28 (Motion made arguments but failed to provide *evidence* regarding the contract in which Plaintiff purportedly defaulted or explain how it provides defense). (Gafni Dec., Exh. "9.") Therefore, Defendant cannot meet its burden and this factor weighs against a finding of good cause.

**B. Defendants' Attorney's Negligence Was "Culpable"**

Where a party has failed to answer a complaint after receiving actual or constructive notice of the action, and intentionally fails to answer, their conduct is culpable. *TCI*, 244 F. 3d at 697; *Alan Neuman Prods.*, 862 F. 2d at 1392; *Gregorian v. Izvestia*, 871 F. 2d 1515, 1523 (9th Cir. 1989). A defendant's conduct will be considered culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Trs. Of the S. Cal. IBEW-NECA Pension Plan v. Sabco Electrique, Inc.*, No. CV 07-7894, 2008 U.S. Dist. LEXIS 110464, at *10-11 (C.D. Cal. Sept 15, 2008); *see also Cortinas v. Mora*, No. 1:10-cv-02270 LJO DLB PC, 2015 U.S. Dist. LEXIS 5690, at *4 (E.D. Cal. Jan. 16, 2015). It is completely unreasonable for Defendants to have relied on a contrived rule of law completely unsupported by any legal precedent simply because it is "a process [defense counsel] has done numerous times before with prior cases." (Motion, p. 4, ln. 25).

Plaintiff's counsel cited the applicable Rule 12 to Defendants' counsel. Moreover, **on the face of the summons**, received by Defendants it states "[w]ithin **21 days** after service of this summons on you (not counting the day you received it)…you must serve on the plaintiff an answer to the attached complaint or a motion **under Rule 12** of the **Federal Rules of Civil Procedure.**" *See Beller & Keller*, 120 F.3d at 22-23. It thus appears that Defendants' counsel not only disregarded the authority sent to her by Plaintiff, but ignored the summons.

Attorney negligence is not excusable neglect. While such a misreading of law would be a difficult case to establish excusable neglect for an in pro per defendant, the chosen course of conduct takes on an entirely different lacquer when counseled by an experienced licensed attorney. Courts have held repeatedly and consistently that litigation decisions made after counsel are not excusable simply because the lawyer made an error. *Casey v. Albertson's Inc.*, 362 F.3d 1254 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers,

and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60 (b)(1).")[5] (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993) (parties are "held responsible for the acts and omissions of their chosen counsel"); *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) ("attorney error is insufficient grounds for relief under . . . Rule 60(b)(1)").)

According to the 9th Circuit, Rule 60(b) is not intended to remedy a,

> litigation decision that a party later comes to regret through subsequently gained knowledge that corrects the erroneous legal advice of counsel…parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct.

*Latshow v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006).

The *Latshow* Court cited to a 6th Circuit opinion which says it best:

> Thus, in assessing a claim of excusable neglect, "the proper focus is upon whether the neglect of [the parties] *and their counsel* was excusable."507 U.S. at 397, 113 S. Ct. at 1499 (emphasis in original). As is fairly evident from our ruling in *FHC Equities*, **an attorney's inaction or strategic error based upon a misreading of the applicable law cannot be deemed "excusable" neglect, even though it might well be excusable for the client to rely on the advice of counsel**. Other courts have agreed, recognizing that "the case law consistently teaches that **out-and-out lawyer blunders -- the type of action or inaction that leads to successful malpractice suits by the injured client -- do not qualify as 'mistake' or 'excusable neglect' within the meaning of [Rule 60(b)(1)]**." *Helm v. Resolution Trust Corp.*, 161 F.R.D. 347, 348 (N.D. Ill. 1995), *aff'd*, 84 F.3d 874 (7th Cir. 1996); *see also United States v. Prairie Pharmacy*,

[5] As noted in section IV., *supra*, the same standards that apply in seeking relief from default judgment under Rule 60(b) should apply to defendants seeking relief from default under Rule 55(c).

> Inc., 921 F.2d 211, 214 (9th Cir. 1990) (holding that an attorney's "failure to verify the requirements of the law demonstrates attorney malpractice, not excusable neglect under the law of this circuit"); *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288-89 (5th Cir. 1985) ("Were this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would largely disappear.")

(emphasis added). *Id*.

Defendants only argument in support of setting aside the default is their erroneous calculation of the response deadline. Defendants' support of their unyielding position includes the inapplicable CCP provision and that their counsel "ask[ed] other attorneys." This should not count as reasonable reliance. This is particularly because Plaintiff forewarned Defendants that he would seek entry of default and Defense counsel invited the default and this motion practice. (Gafni Dec., Exh. "5.") Defendants' counsel misleads the Court in declaring she contacted Plaintiff's counsel *immediately* after becoming aware that default had been requested, on June 13, 2016. She had full knowledge of Plaintiff's intent to promptly take default *before* it was entered. That her calculation backfired is not excusable neglect.

The 9th Circuit teaches us that, "[s]uch mistakes are more appropriately addressed through malpractice claims. *See also United States v. Prairie Pharmacy, Inc.*, 921 F.2d 211, 214 (9th Cir. 1990)." *Latshow*, 452 F.3d at 1101 (citations in original). Therefore, should Defendants seek a remedy, the appropriate remedy here would not be setting aside default (for which absolutely no good cause exists as there has not even been a thin attempt to construct the three necessary factors), but the maintenance of a malpractice suit.

**C. Plaintiff Will Be Prejudiced if the Default is Set Aside**

Although the complete absence of each of the above factors would justify denying the Motion, Plaintiff has already been prejudiced by Defendants delay tactics, has been forced to spend unnecessary time and money in responding to this Motion, and will further be prejudiced by delaying the injunctive relief required for Defendants to cease using the infringing images. If a plaintiff will suffer prejudice by reopening of the action, the court may deny the motion for relief. *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 US 380, 395 (1993) (danger of prejudice to non-defaulting party a "relevant circumstance" in determining whether relief granted); *Chrysler Credit Corp. v. Macino*, 710 F.2d at 367 (reopening the entry of default would prejudice Plaintiff, the party without fault, by requiring it to devote time and money to additional litigation.).

This Court has recognized that the delay in obtaining injunctive relief can qualify as prejudice weighing against the finding of "good cause." (Gafni Dec., Exh. "8," Civil Minutes – General, Case CV 12-6868 PSG (AGRx), Ecf. Dkt. 28 at p.4) (evidence showed continued marketing of property requiring injunction). Similarly, Defendants continued to display the images at the time of the Complaint (Dkt. 12, FAC, ¶ 27.) and continue as of the filing of this Opposition (Gafni Dec. Exh. "2.")

Due to Defendants' lack of cooperation both before and after filing suit, Plaintiff has already been forced to incur substantial attorneys' fees that could have been avoided. Defendants have provided no justifiable reason for their failure to file a timely response. To force Plaintiff to continue to incur legal fees and expenses on a straight forward copyright infringement case and delay injunctive relief where there has been no meritorious defense presented is highly prejudicial.

## V. DEFENDANTS' COUNSEL REQUEST FOR SANCTIONS IS IMPROPER

This Motion is entirely without merit. Defendants' counsel has not established any "good cause" for setting aside entry of default. Defendants' counsel was told repeatedly by Plaintiff that this was an action in federal court and therefore the California Code of Civil Procedure was inapplicable. Defendants' response was to quote the CCP back to Plaintiff in emails, as if obstinacy was akin to accuracy. The Court should not be forced to educate Defendants through motion practice simply so Defendants' counsel can avoid the appearance of malpractice. 28 U.S.C. § 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

As defense counsel stated herself, a party "should not have to bear the burden of legal fees and costs associated with [other party's] counsel failing and refusing to read a simple statute." (Motion, p. 2, lns. 19-21.) Plaintiff would be well within his rights to seek sanctions. See, *E. & J. Gallo Winery v. Cantine Rallo, S.P.A.*, 430 F. Supp. 2d 1064, 1094 (E.D. Cal. 2005) (district court ordered defendant, as condition of reopening default judgment, to pay plaintiff's reasonable costs and attorney's fees incurred in seeking default judgment). However, Plaintiff will exercise restraint and simply request the Court deny the Motion.

## D. CONCLUSION

Defendants offer the Court no basis upon which to grant this Motion. Defendants have not shown any "good cause" to support setting aside entry of default. An attorney's personal belief regarding the time to answer, despite all case

law to the contrary, is not sufficient good cause to set aside a default. No meritorious defenses have been put forth and Plaintiff will undoubtedly be prejudiced. Plaintiff requests that the Court deny Defendants' Motion.

Respectfully submitted, LAW OFFICES OF ADAM I. GAFNI

Dated: August 1, 2016

By: /s/ Adam I. Gafni
Adam I. Gafni
Attorneys for Plaintiff
Vincent K. Tylor